IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.  Case No.: 21-cr-40-6 (TNM)

GEOFFREY SILLS,

Defendant.

**MOTION IN LIMINE TO PRECLUDE CLAIM OF SELF-DEFENSE**

The United States of America respectfully moves in limine to preclude the defendant from raising a claim of self-defense. The available facts, as a matter of law, do not support a claim of self-defense because they show that the defendant was the initial aggressor, attacking a police line that had only been established because the police had been forced to fall back due to the actions of the mob. In the alternative, the government requests that the defendant provide a pre-trial proffer of facts to allow the parties to argue, and the Court to decide, whether the defendant is entitled as a matter of law to assert self-defense.

**INTRODUCTION**

Defendant Sills is charged with four counts of assaulting, resisting, or impeding a federal officer. In Counts 7 and 8 of the indictment, Sills is charged with assaulting, resisting, or impeding a federal officer with a deadly or dangerous weapon, that is, a pole, in violation of 18 U.S.C. § 111(a)(1) and (b). In Counts 15 and 18 of the indictment, Sills is charged with assaulting, resisting, or impeding a federal officer with a deadly or dangerous weapon, that is, a baton, in violation of 18 U.S.C. § 111(a)(1) and (b).

To meet its burden of proof at trial, the government will seek to admit video evidence showing the defendant committing four separate instances of assaultive conduct, when he joined the mob in overwhelming law enforcement on the West Front of the U.S. Capitol and forced their way into the "tunnel" created by the structures present on the Lower West Terrace. At approximately 2:28 p.m., rioters breached the line of law enforcement on the West Front and successfully advanced towards the first landing of the Lower West Terrace.  During the breach, multiple officers were assaulted, and Sills had joined the front line of rioters as they pushed police backwards.

After rioters had broken the line, Sills threw multiple objects at law enforcement as they retreated, as captured in a video uploaded to YouTube and police officer body-worn camera ("BWC"). Sills can be seen throwing what appears to be a long pole at law enforcement, as shown in the still below with a red oval around Sills.  (Count 7).



Sills subsequently threw another small black pole at law enforcement, as shown in the still below with red circles added. (Count 8). Based on a comparison with body-worn camera footage

2

("BWC"), which captures some of the same events from a different perspective, this occurred at approximately 2:32 p.m.



Moments later, Sills throws yet another pole or stick at law enforcement, as shown in the still below with a red circle around Sills and the item.





3

Sills then made his way up to the Lower West Terrace tunnel and joined other rioters there at approximately 2:42 p.m. Sills forced his way to the front of the police line, and subsequently stole the baton of Officer Carlton Wilhoit. At approximately 2:52 p.m., Sills raised the baton in his right hand and what appears to be a flashlight in his left hand, pointing it at the line of officers. For the next several minutes, Sills used the strobe and flashing function of the flashlight to disorient and obscure the vision of the officers.



During the same time period, Sills is also captured on USCP surveillance footage, BWC footage, and YouTube footage using the baton to repeatedly strike the officers at and near the front of the police line with a significant amount of force. Two of the officers that Sills assaulted with the baton are Vincent Biscoe and Carlton Wilhoit. (Counts 15 and 18).



This evidence shows that the defendant attacked the police line, including Officers Wilhoit and Biscoe, multiple times without provocation.

## ARGUMENT

Section 111 makes it a crime to "forcibly assault[], resist[], oppose[], impede[], intimidate[], or interfere[] with" a federal officer in the performance of the officer's duties. 18 U.S.C. § 111(a)(1). A defendant charged under Section 111 may assert, as an affirmative defense, a theory of self-defense, "which justifies the use of a reasonable amount of force against an adversary when a person reasonably believes that he is in immediate danger of unlawful bodily harm from his adversary and that the use of such force is necessary to avoid this danger." *United States v. Middleton*, 690 F.2d 820, 826 (11th Cir. 1982).

"A defendant cannot claim self-defense if he was the aggressor or if he provoked the conflict upon himself." *Waters v. Lockett*, 896 F.3d 559, 569 (D.C. Cir. 2018) (internal quotation marks and citation omitted). That principle applies fully to Section 111 prosecutions. *See, e.g.*, *United States v. Mumuni Saleh*, 946 F.3d 97, 110 (2d Cir. 2019) ("Mumuni was the initial aggressor in the altercation with Agent Coughlin; as such, he could not, as a matter of law, have been acting in self-defense."); *United States v. Acosta-Sierra*, 690 F.3d 1111, 1126 (9th Cir. 2012) ("[A]n individual who is the attacker cannot make out a claim of self-defense as a justification for an assault.").

The proffered video evidence demonstrates that the defendant was the initial aggressor in each of the charged assaults this case. No officer applied force to the defendant at any point before these assaults. Indeed, the video evidence shows that the defendant was rarely in arms reach of any of the officers when he threw the poles at the police line. Once inside the tunnel, the defendant wrestled away the baton from Officer Wilhoit and succeeded in using it to attack other officers over the course of several minutes. Any contact made by officers attempting to push back the crowd were incidental contacts with the defendant when trying to keep order. Crowd control measures, like use of OC spray, batons, and shields, were not provocation, but defensive responses

5

to stop the mob from entering the U.S Capitol building. It was the defendant who initiated these violent physical attacks. He therefore cannot, as a matter of law, seek acquittal on the Section 111 charge by asserting self-defense.

Other circumstances depicted in the videos do not bear on the elements of self-defense. Defendant may have objected to law enforcement's presence at the U.S. Capitol, their effort to detain other individuals at the scene, or their directives that he move from his position and leave the area. None of that matters. *See United States v. Urena*, 659 F.3d 903, 907 (9th Cir. 2011) (observing that "harsh words from another, insulting words, demeaning words, or even fighting words" does not provide license to "stab the offending speaker in the neck, bash their skull with a baseball bat, send a bullet to their heart, or otherwise deploy deadly force in response to the insult"). Because the defendant "was the attacker" in this case, *ibid.*, he cannot advance a self-defense theory.

## CONCLUSION

For these reasons, the United States respectfully moves the Court to preclude the defendant from raising a claim of self-defense or, in the alternative, require the defendant to make a pre-trial proffer of facts that would permit the Court to decide whether he is entitled as a matter of law to assert self-defense.

Dated June 3, 2022.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

BY: ___/s/___
KIMBERLY L. PASCHALL
D.C. Bar No. 1015665
ASHLEY AKERS
Missouri Bar No. 69601

JOCELYN BOND
D.C. Bar No. 1008904
Assistant United States Attorneys
Capitol Siege Section
601 D Street, N.W.,
Washington, D.C. 20530
202-252-2650
Kimberly.Paschall@usdoj.gov