**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> v. <br><br> **GEOFFREY WILLIAM SILLS**, <br><br> Defendant. | Case No. 1:21-cr-40-6 (TNM) |

## ORDER

In this case, Geoffrey Sills stipulated to his guilt as to Counts 13, 15, and 34 of the Fifth Superseding Indictment. *See* Statement of Facts for Stipulated Trial, ECF No. 427; Minute Entry (8/23/2022). He has been detained pending sentencing on March 21, 2023. Sills was transferred from Northern Neck Regional Jail (NNRJ) to USP Lewisburg last December. *See* Mot. to Compel Discovery, ECF No. 533. Before the Court is Sills' motion to compel discovery as to why he was transferred. *See id.* Sills submits that NNRJ "has been dogged by controversy pertaining to its alleged mistreatment of its inmates." *Id.* at 1. Thus, he argues that he is entitled to discovery about the conditions of his confinement to aid in his sentencing presentment. *See id.* at 1–2. The Government opposes his motion. *See* Response, ECF 549.

Sills has not justified his request for discovery. As the Government notes, the U.S. Marshals have significant discretion regarding housing decisions. *See id.* at 3–4 (collecting cases). And Sills' spare motion does not cite a single case suggesting that the Court can compel discovery from non-parties based on cursory allegations of mistreatment. *See generally* Mot.

That said, Sills may speak to his conditions of confinement at sentencing. At sentencing, this Court may "conduct an inquiry broad in scope, largely unlimited either as to the kind of information [it] may consider, or the source from which it may come." *United States v. Tucker*,

404 U.S. 443, 446 (1973).  If Sills chooses to discuss his experience at NNRJ, his transfer, or other relevant information, the Court may consider his testimony in evaluating the § 3553(a) factors.  But the Court cautions him that it has rejected other requests for downward departures based on jail conditions during the COVID-19 pandemic.  *See, e.g.*, *United States v. Fields*, 20-cr-161-TNM.

For these reasons, Sills' [533] Motion to Compel Discovery is **DENIED**.

**SO ORDERED**.

Dated:  March 7, 2023

_____

TREVOR N. McFADDEN, U.S.D.J.