UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | No. 21-cr-40-6 (TNM) |
| v. | : | |
| | : | |
| GEOFFREY WILLIAM SILLS, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S OPPOSITION TO
DEFENDANT'S MOTION FOR BAIL PENDING APPEAL**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully opposes defendant Geoffrey William Sills' Motion for Bail Pending Appeal, ECF No. 805, which seeks release pending appeal in light of the Supreme Court's June 28, 2024 decision in *United States v. Fischer*, 603 U.S. ___, No. 23-5572 (June 28, 2024), (2024). Regardless of the Supreme Court's decision in *Fischer* and its effect, if any, on this case,[1] Sills cannot overcome the high barrier for release pending appeal required by 18 U.S.C. § 3143(b). Under § 3143(b), Sills' continued imprisonment is mandatory unless he can establish both (1) by clear and convincing evidence that he does not pose a danger to the community and is not a flight risk, and (2) that the outcome in *Fischer* likely will result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process. Sills cannot do so, and his motion should be denied.

---

[1] As established by this response, while *Fischer* is contextually important, Sills' conduct and other charges largely drive the government's opposition.

1

I.    BACKGROUND AND PROCEDURAL HISTORY

The Court is familiar with the facts of this case. In short, Sills spent weeks preparing for his trip to Washington, D.C. He made multiple purchases at stores that sold body armor and other tactical and combat equipment. He arrived at the Capitol prepared for violence and equipped with combat gear: he wore a gas mask, tactical gloves, ear protection, and black goggles.

On January 6, 2021, Sills dedicated his time on Capitol grounds making good on those preparations. Among many other things, Sills pursued and attacked police officers on the west front by throwing numerous objects, including long pole-like objects, at police officers; twice joined rioters in the tunnel in a medieval-style battle where he first disarmed a police officer of the officer's baton and then used that stolen baton to violently strike at the officers' heads and bodies for six minutes; flashed a strobe light in the officers' eyes, disorienting the officers who were under attack; and galvanized rioters by triumphantly raising the stolen baton in the air as he exited the tunnel.

After wreaking havoc in the tunnel and acting with utter disregard for police officers' safety and lives, Sills left the Capitol grounds and bragged about his participation in the riot on social media, posting photos and videos of him and others attacking the police line, with captions like "took a tour" and "visited the Capitol today." After the events of January 6, Sills knew he broke the law and attempted to avoid detection by deleting his social media account. And after his arrest, Sills raised money in an online campaign where he disclaimed participation in the Capitol riot and suggested that the facts alleged in his case constituted a "false narrative" and were meant to punish the "patriots."

Following a stipulated trial, Sills was found guilty of three felony counts: Obstruction of an Official Proceeding in violation of 18 U.S.C. § 1512(c)(2); Assaulting, Resisting, or Impeding

Certain Officers with a Deadly or Dangerous Weapon in violation of 18 U.S.C. § 111(a)(1) and (b); and Robbery in violation of 18 U.S.C. § 2111. For his conduct, this Court sentenced Sills to concurrent terms of 52 months of incarceration on all three counts. *See* ECF No. 595 (Judgment).

Sills filed a notice of appeal on April 3, 2023. ECF No. 599.

On June 28, 2024, the Supreme Court released its decision in *Fischer*. In its decision, the Supreme Court did not reject the application of 18 U.S.C. § 1512(c)(2) to the events of January 6, 2021, whole cloth. Rather, the Supreme Court explained that the government must establish that the defendant impaired the availability or integrity for use in an official proceeding of records, documents, objects, or other things used in the proceeding—such as witness testimony or intangible information—or attempted to do so. *Fischer*, No. 23-5572, at 8-9. The Supreme Court has remanded the case to the D.C. Circuit for further proceedings. Through those further proceedings, the Court of Appeals will interpret the scope of the statute in light of *Fischer*.

On July 12, 2024, Sills filed the instant motion for release pending his appeal. ECF No. 806. The government is actively assessing the impact of *Fischer* on all cases involving § 1512(c)(2). In the meantime, we respond to this motion.

## II.     LEGAL STANDARD

Under 18 U.S.C. § 3143(b), a defendant who has been sentenced to a term of imprisonment "shall . . . be detained" unless the court finds that two separate requirements are met:

> (1)     "clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released," and
> (2)     that the appeal "raises a substantial question of fact or law likely to result in—(i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process."

18 U.S.C. § 3143(b)(1)(A)-(B). The requirements for "reversal" and "an order for a new trial" encompass all counts, not just a single count. *United States v. Perholtz*, 836 F.2d 554, 557 (D.C. Cir. 1988) (explaining that defendants "cannot be released unless the appeal raises a substantial question likely to result in reversal of *all counts* on which imprisonment is imposed") (emphasis supplied). If a judicial officer finds that a defendant is eligible for release because the appeal is "likely" to result in "a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process," the remedy is not immediate release; rather, "the judicial officer shall order the detention terminated at the expiration of the likely reduced sentence." 18 U.S.C. § 3143(b)(1)(B). It is Sills' burden to make the requisite showing under 18 U.S.C. § 3143(b)(1)(B). *Perholtz*, 836 F.2d at 555-56 (referring to "the required showing on the part of the defendant"); *United States v. Libby*, 498 F. Supp. 2d 1, 3 (D.D.C. 2007).

### III.   ARGUMENT

Even assuming that the Supreme Court's remand of *Fischer* to the Circuit raises a "substantial question" in this case, Sills nevertheless cannot overcome the high barrier to justify his release. Sills has been found guilty of multiple offenses, including multiple felonies, and he has not shown that a favorable decision[2] on his appeal deriving from *Fischer* would result in reversal on all counts. Moreover, Sills fails to demonstrate by clear and convincing evidence that he is unlikely to flee or pose a danger to the safety of any other person or the community if released. For each of these reasons, Sills' motion should be denied.

---

[2] Nothing in this submission should be construed as an admission that the defendant has a meritorious *Fischer* claim, or that a *Fischer* claim in this case is likely to result in reversal or retrial on all counts, or even in a shorter sentence. Any claim under *Fischer* should be considered in the first instance by the court of appeals, and any questions relating to the defendant's sentence should be considered if and when jurisdiction returns to this Court.

### A. A Decision Favorable to Sills in *Fischer* Is Not Likely To Result In Reversal On All Counts

Sills has failed to demonstrate that a favorable decision deriving from *Fischer* would result in reversal on all counts. Sills argues that his appeal is likely to result in reversal of his conviction under Count Thirty-Four (charging a violation of 18 U.S.C. § 1512(c)(2)). Def. Mot. at 13. From there, Sills contends that he should be able to reap the "benefit that he is due" following the Supreme Court's decision in *Fischer*, which is immediate release from incarceration. Def. Mot. at 14.

Sills' argument is flawed. As an initial matter, it is not yet determined how the Supreme Court's decision in *Fischer* will impact Sills' conviction under Section 1512(c)(2). But even if that conviction were to drop, Sills has been convicted for conduct going well-beyond that implicated by Count Thirty-Four. Sills bears the burden of demonstrating that his appeal raises a substantial question of law likely to result in reversal as it relates to *all counts*—including the two other felony counts of conviction. *Perholtz*, 836 F.2d at 557 (explaining that defendants "cannot be released unless the appeal raises a substantial question likely to result in reversal of all counts on which imprisonment is imposed"). But Sills has not attempted to make this showing. Indeed, the two additional felony convictions remain unaffected by the Supreme Court's opinion in *Fischer*. Thus, even if Sills were correct that his appeal regarding *Fischer* is likely to result in reversal on that singular count, Sills falls short of carrying his burden under 18 U.S.C. § 3143(b).[3]

---

[3] Sills makes no argument that his appeal is likely to result in "a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." And even if he did, the remedy is not immediate release but an order that "detention [be] terminated at the expiration of the likely reduced sentence." 18 U.S.C. § 3143(b)(1)(B). Moreover, even if Count Thirty-Four were to drop, Sills' sentencing guidelines range would remain the same—with Count Fifteen (Assaulting, Resisting, or Impeding Officers with a Deadly or Dangerous Weapon under Section 111(a)(1) and (b)) driving the guidelines range with the highest

Next, in support of his request for release pending appeal, Sills relies on the remorse that he displayed at sentencing and the fact that his violent conduct on January 6 was largely aberrational. Def. Mot. at 3-7. But the Court already took those facts into consideration when fashioning a sentence, and ultimately varied downward on those bases, and the Supreme Court's decision in *Fischer* does not warrant an additional downward variance on those same bases. Indeed, in the absence of Count Thirty-Four, the Court could determine, considering all the circumstances, that its original 52-month sentence for Sills' violent and assaultive conduct on January 6 remains appropriate.

### B.     Sills Cannot Show that He Is Not Likely to Flee or Pose a Danger

Sills also fails to show by clear and convincing evidence that he is both not likely to flee and does not pose a danger to the community. This is a required showing for release, regardless of the nature of any appeal.

Regarding his likelihood to flee, Sills knew after January 6 that he broke the law and he deleted his social media account just one day later on January 7, 2021. And although Sills expressed remorse at his sentencing hearing, up until then on his public online campaign fundraising page, Sills disclaimed responsibility for his actions by contending that he was a "patriot" being subjected to a "false narrative."

Regarding his danger to the community, Sills' felonious conduct on January 6, 2021, was part of a massive riot that almost succeeded in preventing the certification vote from being carried

---

offense level of 25, and the grouping remaining the same. Sentencing Tr. at 20-21 (March 21, 2023); ECF No. 596. Because Sills fails to show that, even assuming *Fischer* results in a favorable outcome in his appeal, he can satisfy his burden under § 3143(b) to demonstrate his appeal is "likely" to result in "a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process," the Court should decline to grant the motion in Sills' favor on this basis.

out, frustrating the peaceful transition of Presidential power, and throwing the United States into a Constitutional crisis. But more specifically, Sills was an active and *incredibly violent* member of the mob at the Capitol that day. His violence was not purely opportunistic; it is apparent from Sills' preparations for and attire on January 6 that he anticipated violence that day. He brought a gas mask, goggles, ear protection, and tactical gloves. And while it may be accurate that January 6 was an aberration in Sills' otherwise law-abiding life, Def. Mot. at 9, it nevertheless remains true that Sills was an aggressive, relentless participant in a large mob attack against police officers and Sills was one of the more violent members of that mob. He targeted police officers and utilized weapons—including long pole-like objects, a strobe light, and a stolen police baton—to violently attack numerous police officers. Against these facts, Sills cannot show that he is not a danger to the community, particularly as we are immersed another hotly contested presidential election year, or that he would not encourage and engage in such conduct again.

### IV.    CONCLUSION

For all the above reasons, Sills—regardless of *Fischer*—has failed to meet his burden under 18 U.S.C. § 3143(b), and his motion for release pending appeal should be denied.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY

BY:     */s/ Ashley Akers*
ASHLEY AKERS
Trial Attorney
MO Bar No. 69601
601 D Street NW
Washington, DC 20530
Ashley.Akers@usdoj.gov
(202) 353-0521