UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | No. 21-cr-40-6 (TNM) |
| v. : | |
| : | |
| GEOFFREY WILLIAM SILLS, : | |
| : | |
| Defendant. : | |

**GOVERNMENT'S SUPPLEMENTAL BRIEF IN OPPOSITION TO
DEFENDANT'S MOTION FOR BAIL PENDING APPEAL**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully opposes defendant Geoffrey William Sills' Motion for Bail Pending Appeal, ECF No. 805; *see* ECF No. 808 (government's opposition), and Sills' latest filed Supplementary Motion for Bail Pending Appeal, ECF No. 813.

Upon consideration of Sills' supplementary motion for release pending appeal, the Court ordered the government to answer the following questions: (1) was the proper sentencing guideline to apply to the Group 2 offenses U.S.S.G. § 2A2.2 or § 2A2.4?; and (2) is Sills ineligible for release pending appeal due to his 18 U.S.C. § 111(b) conviction, under 18 U.S.C. § 3143(b)(2)? *See* Minute Order (9/6/2024).

The government responds as follows: (1) the proper guideline to the Group 2 offenses was U.S.S.G. § 2A2.2; and (2) Sill is ineligible for release under 18 U.S.C. § 3143(b)(2).

**I.  The Proper Guideline for the Group 2 Offenses was U.S.S.G. § 2A2.2**

The Court correctly applied U.S.S.G. § 2A2.2 to Sills' conviction under 18 U.S.C. § 111(b).

In the stipulated trial, the parties stipulated that Sills joined a line of rioters that pushed

1

police back, threw several pole-like objects at officers as they treated, and intended to stop or prevent Congress from certifying the Electoral College vote results. ECF No. 427 at ¶ 13. Sills also forcefully wrestled away a police department-issued baton from a police officer, pointed a flashing strobe light at officers and disoriented them, and used the stolen baton to repeatedly strike officers on the police line. *Id.* at ¶¶ 16-18. The undisputed, stipulated facts also demonstrate that a police officer recalled being struck on the head at one point by the baton wielded by Sills. *Id.* at ¶¶ 19-20.

The Sentencing Guidelines direct a sentencing court to determine the applicable Guideline based on "the offense conduct charged in the count of conviction." U.S.S.G. § 1B1.2(a). The Statutory Index ("Appendix A") to the Sentencing Guidelines identifies the applicable Guideline or Guidelines for each charged statute, and it directs sentencing courts to apply either U.S.S.G. §§ 2A2.2 or 2A2.4 for violations of 18 U.S.C. § 111. Section 2A2.4(c) instructs that § 2A2.2 be applied "[i]f the conduct constituted aggravated assault." In that phrase, "conduct" refers to all relevant conduct, not simply the conduct underlying the crimes for which Sills was convicted. *See United States v. Valdez-Torres*, 108 F.3d 385, 387-88 (D.C. Cir. 1997). Section 2A2.2 defines "aggravated assault" as, *inter alia,* "a felonious assault that involved (A) a dangerous weapon with intent to cause bodily injury (*i.e.*, not merely to frighten) with that weapon; . . . or (D) an intent to commit another felony." U.S.S.G. §2A2.2 cmt. n.1.

The D.C. Circuit recently addressed the application of U.S.S.G. § 2A2.2 in *United States v. Sargent*, 103 F.4th 820 (D.C. Cir. 2024). The court acknowledge that there is not a single, unambiguous meaning of "aggravated assault," but that it encompasses "assault with a dangerous (or deadly) weapon more severely than 'simple assault,'" (Black's Law Dictionary, assault), and an assault that constitutes attempt to cause serious bodily injury to another, (Black's Law

2

Dictionary, aggravated assault). The circuit explained that the guidelines "make[] clear that the intended heartland for § 2A2.2 was, and continues to be, offenses that involve assault with intent to commit another felony, assault with intent to cause injury, or assault that causes injury." *Id.* at 827 (holding "§ 2A2.2 unambiguously applies to, and has always applied to, assaults with intent to commit another felony").

Here, § 2A2.2 is the appropriate guideline for two reasons. First, Sills committed an assault with intent to cause injury. The undisputed, stipulated facts demonstrate that, after forcefully wrestling away a police department-issued baton from a police officer, Sills used that deadly or dangerous weapon, that is, the stolen police baton, to repeatedly strike officers on the police line. In doing so, Sills struck one officer's arm and head, ECF No. 427 at ¶ 19, and another officer with the baton, *id.* at ¶ 20. The conduct of forcibly disarming an officer of his weapon and then forcefully swinging that weapon at police officers, and hitting the police officers, indisputably constitutes aggravated assault, and could be done for no other reason than with intent to cause injury. Sills' intent can be garnered from his repeated and violent actions, which, as the Court explained during the sentencing hearing, included "join[ing] a group of some of the most violent and egregious rioters battling officers to gain entry to the Capitol building," Sentencing Tr. at 71-72; wrestling away a police baton from a police officer, *id.* at 72; and striking officers in the arm and head with that baton, *id.* His intent is also made clear by other facts that the Court acknowledged during the sentencing hearing, including that Sills boasted about his misconduct, *id.* at 73, and engaged in a level of premeditation that was "troubling," which included purchasing body armor, weapons, gas masks, and other combat equipment, *id.* at 9. These facts demonstrated that, as the Court found, Sills came to D.C. "for a fight." *Id.* at 71. Sills' other relevant conduct included throwing pole-like objects at police officers, *id.* at 13, disorienting police officers by

3

shining a strobe light in their facts, *id.* at 17, and using actual or threatened force, violence, or intimidation to take an officer's baton, *id.* at page 2. Ultimately, Sills assaulted several police officers with the intent to injure them. Because Sills' conduct plainly constitutes aggravated assault, § 2A2.2 is the appropriate guideline.

Second, § 2A2.2 applies to Sills' conviction for 18 U.S.C. § 111(b), because, as demonstrated by the stipulated facts, Sills committed that assault with the intent to commit another felony, that is, 18 U.S.C. § 2111. *Sargent*, 103 F.4th at 828 (explaining the ample support that § 2A2.2 was "intended to cover assault with intent to commit another felony"); *see* ECF No. 427 at 8 (Stipulated Facts).

## II.   Sills is Ineligible for Release Under 18 U.S.C. § 3143(b)(2)

Sills is ineligible for release under § 3143(b)(2). Section 3143(b)(2) requires detention if the defendant is sentenced to a term of imprisonment for certain enumerated offenses, including 18 U.S.C. § 111(b). However, the Court "may" order the release of a defendant subject to mandatory detention under § 3143(b)(2), but only if: (1) the defendant meets the release conditions of § 3143(b)(1), and (2) the defendant "clearly show[s] that there are exceptional reasons why . . . detention would not be appropriate." 18 U.S.C. § 3145(c).[1] Here, Sills fails on both.

First, under § 3143(b)(1), to prevail on his motion for release, Sills must show clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or the community if released. As we explained in our opposition to Sills' motion for bail pending

---

[1] Although § 3145 speaks in terms of an appeal, its reference to a judicial officer making this determination applies to district court determinations as well. *United States v. Smith*, 34 F. Supp. 3d 541, 548-49 (W.D. Pa. 2014) (citing cases from the First, Second, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, and Eleventh Circuits all holding that district courts have jurisdiction under § 3145(c) to apply that standard in deciding release pending appeal).

appeal, ECF No. 808 at 7-8, Sills has not met his burden. Additionally, Sills must show that his appeal will raise a substantial question of law or fact that, if decided in his favor, is likely across all counts of conviction to result in reversal, retrial, or a reduced sentence shorter than the total of the time already served and the expected duration of the appeal process. *See Perholtz*, 836 F.2d at 557; *Carpenter*, 2024 WL 1340206, at *1. Sills fails here too.

In his latest motion, Sills argues that his appeal raises a "substantial question," that is, whether the Court applied the correct guidelines. Specifically, Sills argues that the Court should have applied U.S.S.G. § 2A2.4 for his conviction under 18 U.S.C. § 111(b), rather than U.S.S.G. § 2A2.2. ECF No. 813 at 2-3. In support, Sills cites *United States v. Sargent*, 103 F.4th 820 (D.C. Cir. 2024), to argue that section 2A2.4 has "historically applied" and "continues to apply" to offenses where the primary issue is interference with law enforcement. *Id.* at 2. But as explained above, Sills' conduct falls in the heartland of § 2A2.2, which entails offenses that involve assault with intent to commit another felony or assault with intent to cause injury—both of which are independently met in this case. Sills has not, and cannot, demonstrate that his appeal raises a substantial question of law or fact.

Second, § 3143(b)(2) requires detention if the defendant is sentenced to a term of imprisonment for certain enumerated offenses. 18 U.S.C. § 3143(b)(2) (defendant "shall . . . be detained" if sentenced to term of imprisonment for offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C)). A court "may," however, order the release of a defendant subject to mandatory detention under § 3143(b)(2) if the defendant meets the release conditions of § 3143(b)(1) *and* "clearly show[s] that there are exceptional reasons why . . . detention would not be appropriate." 18 U.S.C. § 3145(c). *E.g.*, *United States v. Verkhoglyad*, 516 F.3d 122, 125 n.3 (2d Cir. 2008) (defendant's crime of violence subjected him to mandatory detention; any release

5

turns on (i) satisfying the conditions of 18 U.S.C. § 3143(a)(1) or (b)(1) and (ii) demonstrating exceptional reasons why detention would not be appropriate per § 3145(c)).

As noted above, Sills is not entitled to release under § 3143(b)(1), and he is therefore ineligible for § 3145(c) relief. *See Stone*, 2020 WL 3971535, at *2 (defendant "ineligible for release under Section 3145(c) as a matter of law" where he failed to meet the § 3143(b)(1) conditions of release). But Sills also has not "clearly shown that there are exceptional reasons why [his] detention would not be appropriate," 18 U.S.C. § 3145(c), as he is required. *See Perholtz*, 836 F.2d at 555-56 (referring to "the required showing on the part of the defendant" and noting that "[t]he law has shifted from a presumption of release to a presumption of valid conviction"); *see also United States v. Stone*, No. 20-3033, 2020 WL 3971535, at *1 (D.C. Cir. July 10, 2020) (defendant "bears the burden" under § 3145(c)). Because the defendant has not met this burden, Sills' continued imprisonment is mandatory under § 3143(b)(2).

        Respectfully submitted,

        MATTHEW M. GRAVES
        UNITED STATES ATTORNEY

BY:    */s/ Ashley Akers*
        ASHLEY AKERS
        Trial Attorney
        MO Bar No. 69601
        601 D Street NW
        Washington, DC 20530
        Ashley.Akers@usdoj.gov
        (202) 353-0521