**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES** | |
| v. | |
| **GEOFFREY WILLIAM SILLS**, | Case No. 1:21-cr-00040-6 (TNM) |
| Defendant. | |

**<u>MEMORANDUM ORDER</u>**[*]

Defendant Geoffrey William Sills moves for bail pending the appeal of his conviction and sentence. Mot. Bail Pending Appeal, ECF No. 806. He contends that his appeal raises substantial questions of law likely to result in a meaningfully reduced sentence. *Id.* at 2. And he alleges that exceptional circumstances render his continued detention inappropriate. Def.'s Response to Order of Ct., ECF No. 824, at 1. Under the applicable statutes, Sills argues this entitles him to release from confinement. *Id.*

The Court disagrees. Sills has not shown a likelihood that his appeal will result in a reduced sentence. So he must serve the remaining months of his incarceration, as originally proscribed.

**I.**

The Court starts with a sketch of Sills' criminal conduct, trial, and sentencing. Then it discusses legal developments during the pendency of Sills' appeal that undergird his current

---

[*] An unredacted, sealed version of this Order was filed on November 21, 2024.

motion.  Sills' legal predicament is a bit confusing.  But the Court seeks to simplify where possible.

**A.**

Along with many others, Sills illegally entered the U.S. Capitol Grounds on January 6, 2021.  Stmt. of Facts, ECF No. 427, at ¶¶ 8–21.  He and his fellow rioters violently breached police lines to unlawfully enter the Capitol Building, "intending to stop or prevent Congress from certifying the Electoral College vote results."  *Id.* ¶ 13.  For his part, Sills "wrested away a police department-issued baton" from a Metropolitan Police Officer.  *Id.* ¶ 16.  He then used that baton "to repeatedly strike at officers on the police line," whacking one on the arm and skull.  *Id.* ¶ 19–20.  Sills then left the area.  *Id.* ¶ 21.

After a bench trial with stipulated facts, Sills was convicted of robbery of the baton, and aiding and abetting, 18 U.S.C. § 2111, 2; assaulting, resisting, or impeding an officer using a dangerous weapon, 18 U.S.C. §§ 111(a)(1), (b); and obstruction of an official proceeding and the aiding and abetting, 18 U.S.C. §§ 1512(c)(2), 2.  *See* Minute Entry 8/23/2022; Fifth Superseding Indict., ECF No. 179.

Then came sentencing.  Sills' convictions were placed into two groups.  Group One consisted of the robbery.  Group Two consisted of the assault and obstruction.  *See* Sentencing Guidelines (USSG) § 3D1.2(c).  Under the pertinent sentencing guidelines, the applicable offense level for Group Two was that of the most serious of the counts.  USSG § 3D1.3(a).  In other words, whichever count had a higher offense level would "anchor" the group to that same

2

offense level. For Group Two, that was the assault charge, 18 U.S.C. §§ 111(a)(1), (b). Tr. Sentencing Hr'g, ECF No. 590, at 20:9–21:3

Usually, § 2A2.4 of the Guidelines applies to an assault charge. But when the defendant commits an *aggravated* assault, the relevant sentencing guideline is USSG § 2A2.2. Here, the Court considered Sills' conduct on January 6 and concluded Sills committed aggravated assault. So it decided § 2A2.2 was the right choice. Tr. Sentencing Hr'g at 72:17–20; *see also* Revised Final Presentence Invest. Rep., ECF No. 594, at 12 ("Defendant Sills struck Officer V.B. with a police baton . . . in the head. . . . Considering that the offense involved aggravated assault, the base offense level is 14." (citing USSG § 2A2.2)).

After the base offense level for each group was calculated, the Court factored in various adjustments, including upward adjustments for the use of a dangerous weapon and a victim-related adjustment because the victim was a law enforcement officer. Tr. Sentencing Hr'g at 12–21; Revised Final Presentence Invest. Rep. at 12–13. There was also a downward adjustment because of Sills' acceptance of responsibility. Tr. Sentencing Hr'g at 21:16–18; Revised Final Presentence Invest. Rep. at 13. After considering the adjustments and Sills' criminal history, the Court concluded that the recommended term of imprisonment under the Sentencing Guidelines was 57 to 71 months. Tr. Sentencing Hr'g at 24:10–13; Revised Final Presentence Invest. Rep. at 19.

The Court then weighed the relevant factors in 18 U.S.C. § 3553(a). *See* Tr. Sentencing Hr'g at 25:13–26:5. It noted that Sills "pressed on" to the entry of the Capitol "[d]espite overwhelming evidence that [he] shouldn't be there." Tr. Sentencing Hr'g at 71:17–24. Sills made his way all the way to the lower West Terrace Tunnel, where he "joined a group of some of the most violent and egregious rioters battling officers to gain entry to the Capitol Building." Tr.

Sentencing Hr'g at 71:25–72:1–2.  He "wrested away a police baton" from an officer then "used the stolen baton to strike the officers, including striking the arm and head of [one officer] while he was struggling with another rioter."  Tr. Sentencing Hr'g at 72:616.  And he hit "the officer [he] had robbed [] with his own baton."  Tr. Sentencing Hr'g at 72:21–22.

Even so, the Court "recognize[d] that [Sills'] conduct on January 6th was a strange aberration for [him]," as he "ha[s] no criminal history, not even an arrest."  Tr. Sentencing Hr'g at 71:25–72:1–2.  ████████████████████████████████████████████ ████████████████████████████████████████████  The Court likewise "considered the letters that [were] submitted on [Sills'] behalf that describe [him] as a kind, helpful, intelligent person."  Tr. Sentencing Hr'g at 75:17–21.  And it "credit[ed] [his] acceptance of responsibility," as well as his lengthy statement of remorse made at sentencing.  Tr. Sentencing Hr'g at 75:22–76:1.  Indeed, the Court "ha[d] a hard time thinking back to a statement from a defendant in sentencing that was as eloquent about remorse and suggested that, frankly, you got it."  Tr. Sentencing Hr'g at 76:2–4.  Based on those considerations, the Court opted to vary downward, imposing a sentence of 52 months' incarceration on each count to run concurrently. Tr. Sentencing Hr'g at 78:5–11.   It also imposed a sentence of 36 months of supervised release on each count to run concurrently.  Tr. Sentencing Hr'g at 78:8–11.  Sills filed a notice of appeal. Not. Appeal, ECF No. 599.

## B.

While Sills' appeal was pending, the Supreme Court decided *Fischer v. United States*, 144 S. Ct. 2176 (2024).  There, the Court shortened the reach of 18 U.S.C. § 1512(c).  *Id.* at 2190.  It held that to prove a violation of that section, "the Government must establish that the defendant impaired the availability or integrity for use in an official proceeding of records,

documents, objects, or . . . other things used in the proceeding, or attempted to do so." *Id.* This left many a January 6 defendant in limbo as to their § 1512(c) convictions, as the statute had been repeatedly used to prosecute the rioters. *Id.* (Jackson, J., concurring). One such defendant, of course, was Sills.

Quickly, Sills filed this motion for bail pending appeal. Mot. Bail Pending Appeal. He contended that the *Fischer* decision left his § 1512(c) conviction in grave doubt. *Id.* at 10–14. And he argued that the Court erred in applying USSG § 2A2.2 when calculating the base offense level for Group Two, instead of § 2A2.4. Def.'s Suppl. Br., ECF No. 813, at 2. Taken together, Sills claimed his allegations raised a "substantial question of law" that was "likely to result in a reduced sentence a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." *Id.* at 2; 18 U.S.C. § 3143(b)(1). The Government opposed the motion. Gov't Opp'n Br. ECF No. 808. The Court requested additional briefing. Minute Order 09/06/2024. With that briefing in hand, the Court is ready to rule on Sills' motion.

## II.

Under narrow circumstances, a defendant convicted of a crime can be released on bail while his appeal is pending. *See* 18 U.S.C. § 3143. But the "background rule" is one of detention. *United States v. Wiggins*, 613 F. Supp. 3d 348, 353 (D.D.C. 2020). To prove his eligibility for release, a defendant must jump a few hurdles. First, he must show "by clear and convincing evidence that [he] is not likely to flee or pose a danger to the safety of . . . the community." 18 U.S.C. § 3143(b)(1)(A). Second, that his appeal "is not for the purpose of delay." *Id.* § 3143(b)(1)(B). Third, that his appeal "raises a substantial question of law or fact."

*Id.* Substantial means "a 'close' question or one that very well could be decided the other way." *United States v. Perholtz*, 836 F.2d 554, 555 (D.C. Cir. 1987).

Finally, as relevant here, the defendant must show the substantial question is "likely to result in a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process."  18 U.S.C. § 3143(b)(1)(B)(iv).[1] Translation: the defendant must show that he is likely to get resentenced, and his hypothetical new sentence will be less than how long he has already been incarcerated plus however long the appeal is expected to take.

For offenders who have been convicted of a violent crime like Sills, there is an additional obstacle.  *See* Minute Entry 8/23/2022 (finding Sills guilty of 18 U.S.C. § 111(a), (b)); *United States v. Quaglin*, 851 F. App'x 218 (D.C. Cir. 2021) (finding § 111(b) is a crime of violence and listing cases in accord).  Defendants who have been convicted of "crime of violence" must also show that "there are exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. § 3145(c).

### III.

Sills alleges that his appeal raises two substantial questions of law that will lead to a meaningful reduction in his sentence.  The Court thinks otherwise.  One question is admittedly

---

[1] A defendant has other options not relevant here, such as by showing a substantial question of law or fact is likely to result in reversal, an order for a new trial, or a sentence that does not include a term of imprisonment.  18 U.S.C. § 3143(b)(1)(B)(i)-(iii).  Although the Court acknowledges that Sills does raise one substantial question likely to result in the reversal of *one* of his convictions, *see infra* Part III, a defendant must show that it is likely *all* of his counts of conviction will be overturned.  *See Perholtz*, 836 F.2d at 557.

substantial.  But it will likely not affect Sills' sentence.  The other is insubstantial and so cannot trigger relief.

*First*, Sills rightly argues that his § 1512(c) conviction is at least "a close question or one that very well could be decided the other way." *Perholtz*, 836 F.2d at 561.  He points out that he was convicted under the same broad interpretation of § 1512(c) that was abrogated in *Fischer*.  Mot. Bail Pending Appeal at 10.  And he claims that the record cannot support his conviction under the right reading of the statute.  The Court need not hash this out here, as the Government has shared it will not defend Sills' § 1512(c) conviction on appeal.  The Court thus assumes that Lee is right for this motion.  *Accord United States v. Kevin Seefried,* --- F. Supp. ed ---, 2024 WL 1299371 at *3-4 (D.D.C. Mar. 26, 2024) (finding *Fischer* raised a substantial question under § 3143 for another Jan. 6 defendant convicted of same statute).

The problem for Sills is, he does not show that the reversal of this count would likely lead to a meaningful reduction in his sentence.  Recall that the § 1512(c) conviction did not meaningfully affect the Guidelines calculation, as the § 111(a), (b) convictions anchored the base offense level for Group Two.  Tr. Sentencing Hr'g at 20:9–21:3.  So even if the § 1512(c) conviction had never been there, the Guidelines recommendation would have been the same.

Sills offers some clever but convoluted arguments about why he would be entitled to a lesser sentence, despite the exclusion of § 1512(c) from the Guidelines calculation.  He points out that he has been a "model prisoner," reading eighty books while incarcerated, taking various education courses, and paying off his restitution and fines.  Mot. Bail Pending Appeal at 7.  And

he insists that the Court would have to consider this post-conviction rehabilitation at resentencing. Def.'s Reply Supp. Mot. Bail, ECF No. 812, at 9.

Maybe so. But Sills has not shown that his good behavior would "likely" lead to a reduced sentence, as required by 18 U.S.C. § 3143(b)(1)(B)(iv). While Sills' conduct has been commendable, it would be just one of several factors to consider on remand. *United States v. Hunter*, 809 F.3d 677, 681 (D.C. Cir. 2016). Most importantly, the Court already varied downward from the Guidelines recommendation after finding Sills had expressed significant remorse and took responsibility for his actions. Tr. Sentencing Hr'g at 78:5–11. Sills has failed to muster a presumption that the Court would vary down even further. So while Sills raises the *possibility* that the Court *could* reduce his sentence upon reversal of his § 1512(c) conviction, he has not shown that it is probable.

Sills further contends that he would receive a lesser sentence because "[t]he § 1512(c) conviction played a starring role in the high sentencing recommendation offered by the government." Def.'s Reply Supp. Mot. Bail at 10. He claims that if he had never been convicted under § 1512(c), "the government's Guidelines calculations would have resulted in a lower sentencing range," and thus the Government's initial sentencing recommendation would have been lower, too. *Id.* at 11. Essentially, Sills is arguing that the Government's initial recommendation of 108 months of incarceration somehow influenced the Court's final sentencing determination.

Not so. The Court expressly rejected the Government's first calculation because it improperly anchored Group Two by the § 1512(c) conviction instead of the §§ 111(a), (b) conviction. Tr. Sentencing Hr'g at 20:9–21:3. And the Court ultimately imposed a term of incarceration *half* that suggested by the Government. *Compare* Gov't's Sentencing Memo., ECF

No. 574, at 1, *with* Judgment, ECF No. 595, at 3.  So it is doubtful that the erroneous Government allocution influenced the sentence at all—much less to an extent that would warrant resentencing.  *See also United States v. Hunter Seefried,* 639 F. Supp. 3d 8, 10 (D.D.C. 2022) (McFadden, J.) (rejecting Government's interpretation of obstruction guidelines).  In short, the probable reversal of Sills' § 1512(c) conviction, standing alone, is not enough to show that his sentence would be meaningfully reduced.

       *Second*, Sills contends that the Court applied the wrong sentencing guideline to Group Two, which artificially inflated the base offense level and subjected him to an erroneously high sentence.  He alleges that the Court erred in using USSG § 2A2.2 instead of § 2A2.4.  And he shows how the application of § 2A2.4 would drastically reduce his sentence (assuming his § 1512(c) conviction is overturned).  *See* Def.'s Suppl. Br. at 7–8.

       But this argument does not present "a 'close' question or one that very well could be decided the other way."  *Perholtz*, 836 F.2d at 561.  The Court did not err in applying § 2A2.2 instead of § 2A2.4.  Recall that § 2A2.2 attaches when a defendant has committed an aggravated assault.  Under the Guidelines, "[a]ggravated assault means a felonious assault that involved (A) a dangerous weapon with intent to cause bodily injury (i.e. not merely to frighten) with that weapon; (B) serious bodily injury; or (C) an intent to commit another felony." USSG § 2A2.2, cmt. n. 1; *see also United States v. Sargent*, 103 F.4th 820, 827 (D.C. Cir. 2024) ("[T]he intended heartland for § 2A2.2 was, and continues to be, offenses that involve assault with intent to commit another felony, assault with intent to cause injury, or assault that causes injury.").  The stipulated facts show that Sills fits this bill.

       By repeatedly striking officers with a baton, Sills wielded a dangerous weapon with the intent to cause bodily injury.  A baton is certainly "an instrument capable of inflicting death or

serious bodily injury." USSG § 1B1.1 cmt. n.1(E); *see also United States v. Sabol*, 534 F. Supp. 3d 58, 78 (D.D.C. 2021). And while Sills argues that "the stipulated facts make zero mention of [his] intent," this contention is unavailing. Def.'s Suppl. Br. at 4. The intent to do bodily harm is not measured by an actor's subjective motives, but rather objectively, based on the actor's conduct and the perception of someone in the victim's position. *United States v. Perez*, 897 F.2d 751, 753 (5th Cir. 1990). The stipulated facts show it was "more likely than not" Sills intended to cause bodily harm. *See United States v. Kiulin*, 360 F.3d 456, 461 (4th Cir. 2004). Sills used his baton to "repeatedly strike at officers on the police line." Stip. Facts ¶ 18. He struck an officer's arm while that officer was struggling with another rioter. *Id.* ¶ 19. And that officer recalled being struck on the head by Sills' baton. *Id.* Attacking someone on the arm and skull with a police baton undoubtably reflects an objective intent to hurt that person. Tr. Sentencing Hr'g at 72:17–20 ("[P]olice officers are trained to use batons to strike at center mass areas like the legs and arms precisely because a strike to the head could be so dangerous, even lethal."). A reasonable victim would fear that his baton-wielding assailant was trying to wound him. *United States v. Tolbert*, 668 F.3d 798, 803 (6th Cir. 2012) (finding intent to cause bodily injury with a dangerous weapon where defendant struck officer with plastic water pitcher on the head). Thus application of § 2A2.2 was the right call here. *Accord United States v. Denney*, 98 F.4th 327, 334 (D.C. Cir. 2024) (holding application of § 2A2.2 was appropriate where defendant hit police officer's hand with a PVC pipe to knock crowd control spray from his grasp). Sills has

accordingly failed to raise a substantial question of law about the application of the sentencing guidelines.

## IV.

For these reasons, it is **ORDERED** that Defendant Geoffrey William Sills' Motion for Bail Pending Appeal is **DENIED.**

Dated: December 3, 2024

TREVOR N. McFADDEN, U.S.D.J.