DANIEL J. YADRON, JR.
FEDERAL DEFENDERS OF SAN DIEGO
225 Broadway, Suite 900
San Diego, California 92101-5030
Telephone: (619) 234-8467
Facsimile: (619) 687-2666
danny_yadron@fd.org

Attorney for Geoffrey William Sills

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| UNITED STATES OF AMERICA, | CRIMINAL NO. 1:21-cr-00040-TNM-6 |
|---|---|
| v. | Hon. Trevor N. McFadden |
| GEOFFREY WILLIAM SILLS, | **MOTION FOR RETURN OF BAIL AND SPECIAL ASSESSMENT** |

## MOTION FOR REIMBURSEMENT OF RESTITUTION

Geoffrey William Sills, through counsel, respectfully moves this Court for an Order directing the Clerk of Court to reimburse all restitution payments made prior to his presidential pardon. The government opposes this motion.

### FACTUAL BACKGROUND

In December 2021, prosecutors filed a superseding information charging Mr. Sills with offenses arising out of the events at the Capitol on January 6, 2021. District Court Docket Number ("Dkt.") 179. Following a stipulated-facts bench trial, this Court found Mr. Sills guilty of three counts. Dkt. 595. This Court then sentenced Mr. Sills to 52 months in prison, in addition to imposing a $300 special assessment

and $2000 in restitution. Dkt. 52 at 3, 7. The judgement directed Mr. Sills to pay restitution to the "Clerk of the Court for the United States, District Court for the District of Columbia." *Id.* at 8. Mr. Sills timely appealed. Dkt. 599.

While Mr. Sills's appeal was pending, President Donald J. Trump "grant[ed] a full, complete and unconditional pardon to all . . . individuals convicted of offenses related to events that occurred at or near the United States Capitol on January 6, 2021." WHITE HOUSE, GRANTING PARDONS AND COMMUTATION OF SENTENCES FOR CERTAIN OFFENSES RELATING TO THE EVENTS AT OR NEAR THE UNITED STATES CAPITOL ON JANUARY 6, 2021 (Jan. 20, 2025), https://www.whitehouse.gov/presidential-actions/2025/01/granting-pardons-and-commutation-of-sentences-for-certain-offenses-relating-to-the-events-at-or-near-the-united-states-capitol-on-january-6-2021/. (The President exempted a handful of participants, but Mr. Sills was not among them. *See id.*) That order granted Mr. Sills an unconditional pardon for all counts of conviction. *See id.*; *see also* Ex. B (certificate of pardon).

Shortly after, in the D.C. Circuit Court of Appeals, the government filed an unopposed motion to vacate Mr. Sills's convictions and remand his case to the district court. Case No. 23-3048, filed Jan. 21, 2025. The government stated that it would then dismiss all charges with prejudice. *Id*. The D.C. Circuit vacated Mr. Sills's convictions and remanded with instructions to dismiss the case as moot. Case No. No. 23-3048, filed Feb. 4, 2025. The mandate issued the same day.

Mr. Sills has fully paid the special assessment and restitution amounts. Ex. A at 1–2.

## ARGUMENT

The D.C. Circuit's order vacating Mr. Sills's conviction requires the Clerk of Court to refund all restitution and fees paid to the U.S. government.

"When a criminal conviction is invalidated by a reviewing court and no retrial will occur, . . . the State [is] obliged to refund fees, court costs, and restitution exacted from the defendant upon, and as a consequence of, the conviction[.]" *Nelson v. Colorado,* 581 U.S. 128, 130 (2017). That is because, "once [a] conviction[] [is] erased, the presumption of their innocence [is] restored." *Id.* at 135. And absent a valid conviction, the state "may not presume a person, adjudged guilty of no crime, nonetheless guilty *enough* for monetary exactions." *Id.* at 136. For the same reason, the government require the defendant to prove his innocence before issuing the refund. Because such defendants "are entitled to be presumed innocent," they "should not be saddled with any proof burden" to get their money back. *Id.* at 137. Accordingly, so long as a reviewing court invalidated the conviction and no retrial will recur, a defendant is entitled to a refund without any further showing. *Id.* at 130.

Both criteria are met here. First, "the reviewing court," *id.* at 130—the D.C. Circuit—vacated Mr. Sills's conviction and remanded with instructions to dismiss the case as moot. Case No. 23-3048, filed Feb. 4, 2025. That order "invalidated" Mr. Sills's "criminal conviction." *Nelson*, 581 U.S. at 130. That's because "[f]inal judgment [was] never . . . reached on" his conviction, as "the appeals process was terminated

prematurely." *United States v. Schaffer*, 240 F.3d 35, 38 (D.C. Cir. 2001). Accordingly, the conviction is no longer "established as a matter of law." *Id.* at 38.

That the vacatur resulted from mootness—and not some procedural or substantive defect in the trial—makes no difference. When, for example, a defendant's death moots their appeal, *Nelson* still requires the government to reimburse the decedent's estate. *See United States v. Reynolds*, 98 F.4th 62, 72, 67 n.2 (1st Cir. 2024) (observing that "[e]very circuit court to consider this question post-*Nelson* has reached this conclusion"). True, death does not imply innocence. But under *Nelson*, one need not prove one's innocence to receive reimbursement. 581 U.S. at 137. To the contrary, the government must have a valid conviction in hand to justify retaining the defendant's money. *Id.* at 135–36.

So too with Mr. Sills's pardon. It does not matter whether the pardon proved Mr. Sills's innocence. All that matters it that "[f]inality was never reached on the *legal question* of [his] guilt." *Schaffer*, 240 F.3d at 38.

Second, no retrial will occur. The government announced its motion to dismiss to the D.C. Circuit Mr. Sills's case with prejudice, making clear that it did not mean to retry Mr. Sills. Case No. 23-3048, filed Jan. 21, 2025. And this Court would not have jurisdiction to entertain a future prosecution anyway, as D.C. Circuit has already ruled that Mr. Sills's pardon renders the case moot. Case No. 23-3048, filed Feb. 4, 2025.

Thus, *Nelson* governs, and this Court should order the Clerk of Court to refund his $300 special assessment and $2000 restitution payment.

## CONCLUSION

The D.C. Circuit invalidated Mr. Sills's conviction, and no retrial will occur. Therefore, under *Nelson*, the Clerk of Court must refund all Mr. Sills's fines, fees, and restitution.

Respectfully submitted,

DATED: March 12, 2025        /s/ Daniel J. Yadron, Jr.
                             DANIEL J. YADRON, JR.
                             California State Bar No. 336765
                             Federal Defenders of San Diego, Inc.
                             225 Broadway, Suite 900
                             San Diego, CA 92101
                             (619) 544-2726/Fax: (619) 687-2666
                             danny_yadron@fd.org
                             Attorneys for Mr. Sills

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing Motion is being filed via the Electronic Court Filing System (ECF), causing a copy to be served upon government counsel of record and co-defendant counsel this 12th day of March 2025.

>  */s/ Daniel J. Yadron, Jr.*
>  DANIEL J. YADRON, JR.